IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKIVA ISRAEL,

          Plaintiff,

    v.

S. GYLES, et al.,

          Defendants.

No.  2:21-CV-1027-DAD-DMC-P

ORDER

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 64.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends that her mental health conditions and overlapping responsibilities require that counsel be appointed. See ECF No. 64, pg. 1. Plaintiff states that she experiences anomalous visual and auditory perceptions that undermine Plaintiff's ability to organize legal materials and respond coherently during proceedings. See id. Plaintiff also contends that Plaintiff simultaneously navigates multiple ongoing federal cases, accredited college coursework, court-mandated and voluntary rehabilitation programs, as well as religious observances that impair her ability to prosecute the case without assistance. See id.

The Court finds these circumstances are not exceptional. First, Plaintiff does not show that her mental health diagnosis impacts her ability to articulate the claims. To the contrary, based on the pleadings and other filings in this case, Plaintiff has been able to articulate her claims adequately notwithstanding health issues.  In this regard, the Court notes that Plaintiff has not provided any documents to establish mental health deficits which would impact her ability to prosecute this action on her own.  Further, at the current stage of the proceedings, Plaintiff has not shown any particular likelihood of success on the merits. Finally, Plaintiff's general personal obligations do not constitute exceptional circumstances required for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 64, is denied.

Dated:  February 4, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2