IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKIVA AVIKAIDA ISRAEL,

Plaintiff,

v.

S. GILES, et al.,

Defendants.

No.  2:21-CV-1027-DAD-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are the following motions:

ECF No. 52   Plaintiff's motion for a protective order under Federal Rule of Civil Procedure 26(c) relating to her deposition.  Defendants have filed an opposition.  See ECF No. 53.

ECF No. 55   Defendants' unopposed motion to compel Plaintiff's attendance at a second deposition and to deem matters admitted.

ECF No. 56   Defendants' unopposed motion to re-open discovery for the limited purpose of allowing for Plaintiff's second deposition and for Defendants to move to compel as to interrogatories and requests for production of documents.

Also before the Court are Plaintiff's motions to re-open discovery for all purposes.  See ECF Nos. 58, 60, 61, 63, 65, 66, and 69.

/ / /

/ / /

1

Turning first to Plaintiff's deposition, Plaintiff seeks a protective order under Rule 26(c) regarding her deposition which occurred on May 5, 2025. See ECF No. 52. Plaintiff states that she would be unable to proceed with a deposition absent access to her legal materials which, at the time the motion was filed on May 2, 2025, were located in prison storage. See id. The Court observes that Plaintiff's motion is moot given that the May 5, 2025, deposition has already occurred. The Court also finds that lack of access to legal materials does not establish good cause to delay a deposition under Rule 26(c). See Smith v. Chanelo, 2020 WL 1288402, at *5 (E.D. Cal. 2020). Plaintiff's motion for a protective order will be denied for these reasons.

Further related to Plaintiff's deposition, Defendants seek an order re-opening discovery to allow for Plaintiff's second deposition and compelling Plaintiff to attend a second deposition. See ECF Nos. 55 and 56. According to Defendants, while Plaintiff appeared at her deposition on May 5, 2025, she refused to meaningfully answer any questions regarding her current claims, citing lack of access to her legal materials. See id. Plaintiff has not opposed Defendants' requests, which will be granted. As indicated above, lack of access to legal materials is not a sufficient basis to refuse to answer questions at a deposition. The Court will grant Defendants' requests and direct Plaintiff to appear at a second deposition, on proper notice, on or before April 15, 2026.

Turning next to written discovery, Defendants move to have matters deemed admitted. See ECF No. 55. Defendants timely served requests for admissions on Plaintiff on March 26, 2025. See ECF No. 55-2. To date, Plaintiff has failed to serve any responses. However, the Court notes Plaintiff's contentions that she lacked access to legal materials. To the extent that issue may have impacted her ability to address the requests for admissions at issue here, Plaintiff will be provided thirty days from the date of this order to file answers to the requests at issue.

Next, Defendants seek an order re-opening discovery to allow, in addition to Plaintiff's second deposition, time to file a motion to compel as Defendants' interrogatories and requests for production of documents, as to which Plaintiff has not responded to date. See ECF No. 56. This motion was timely filed prior to the time set forth in the Court's September 23,

2024, scheduling order as the deadline to file motions related to discovery and will be granted.

Also as to written discovery, Plaintiff seeks an order compelling Defendants to provide substantive responses to her requests for production of documents. See ECF No. 58. As reflected in Defendants' opposition, Plaintiff served requests for production of documents on April 7, 2025. See ECF No. 59-2. Defendants served objections on May 22, 2025, objecting to Plaintiff's discovery request as untimely under the Court's September 23, 2024, scheduling order. See ECF No. 59-3. Defendants' objection will be sustained, and Plaintiff's motion will be denied. The Court's scheduling order provided that the parties could serve written discovery requests through March 27, 2025, with any motions relating to discovery due by May 26, 2025. See ECF No. 47. Here, Plaintiff's requests for production were untimely in that they were served on Apil 7, 2025.

Finally, Plaintiff has filed numerous motions seeking to re-open discovery for all purposes. See ECF Nos. 58, 60, 61, 63, 65, 66, and 69. Plaintiff cites her obligations in other of her pending cases as justification for the need for additional time to conduct discovery in this case. See e.g. ECF No. 60. Plaintiff's request to re-open discovery will be granted on a limited basis, and discovery for both parties will be reopened for a period of thirty days from the date of this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion for a protective order, ECF No. 52, is denied.

2.      Defendants' unopposed motions to compel Plaintiff to attend a second deposition, ECF Nos. 55 and 56, and to re-open discovery for this limited purpose are granted.

3.      Defendants' unopposed motion to re-open discovery for the limited purpose of allowing Defendants to move to compel further responses to outstanding written discovery, ECF No. 56, is granted as further defined in item 6 below.

4.      Defendants' unopposed motion to deem matters admitted, ECF No. 55, is denied and Plaintiff shall have thirty days from the date of this order to file timely responses to Defendant's requests for admissions.

5.      Plaintiff's motion to compel Defendants to provide substantive responses

3

to Plaintiff's requests for production of documents, ECF No. 58, is denied.

6.    Plaintiff's motions to re-open discovery for all purposes, ECF Nos. 58, 60, 61, 63, 65, 66, and 69, is granted on a limited basis, and additional discovery by both parties may be conducted for thirty days from the date of this order, including but not limited to for the purpose of taking Plaintiff's second deposition and filing a motion to compel relating to outstanding discovery requests.

8.    Plaintiff shall appear at her properly noticed deposition on or before April 15, 2026.

9.    Defendants' motion to compel as to outstanding discovery requests is due on or before May 15, 2026.

10.    Dispositive motions shall be filed on or before July 15, 2026.

11.    This order resolves the motions at ECF Nos. 52, 55, 56 58, 60, 61, 63, 65, 66, and 69, which the Clerk of the Court is directed to terminate.

Dated:  March 5, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE